**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

The Trustees of the Minnesota Ceramic Tile and Allied Trades Retirement Fund; the Trustees of the Minnesota Ceramic Tile and Allied Trades Promotion Trust Fund; the Trustees of the Twin City Bricklayers Health and Welfare Fund; the Trustees of the Twin City Bricklayers Vacation Fund; and the Trustees of the Minnesota Bricklayers Apprenticeship Fund,

Plaintiffs,

v.

Glenn's Tile, Inc., a foreign corporation not qualified to do business in the State of Minnesota d/b/a Glenn's Tile & Carpet; and Glenn E. Bernard,

Defendants.

Civil No. 01-2281 (DWF/AJB)

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

---

Andrew E. Staab, Esq., and Stephen Kelly, Esq., Rosene Haugrud & Staab, 400 Robert Street North, Suite 1800, St. Paul, MN 55101-1300, counsel for Plaintiff.

---

This matter came on for hearing before the Court on March 8, 2002, on Plaintiffs' motion for entry of Defendants' default, for default judgment, and for an Injunction.

Upon all files, records, and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. The Defendants were served with the Summons and Complaint in the present action on December 21, 2001.

2. That Defendant Glenn E. Bernard is neither an infant nor an incompetent person.

3. That Defendants have failed to Answer, or otherwise defend, and are in default.

MAR - 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAR - 8 2002
DEPUTY CLERK

4. Defendants are signatory to the Agreement between the Minnesota Tile Contractors Association and the Bricklayers and Allied Craftworkers Union Local No. 1 of Minnesota (Tile Lawyers and Finishers, Chapter 18).

5. Pursuant to the above-referenced Agreement, Defendants are obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. That Plaintiffs face irreparable harm from Defendants' delinquency because they have a continuing obligation to provide benefits regardless of whether Defendants submit the fringe benefit contribution payments.

8. That Plaintiffs' continuing harm outweighs any prejudice to Defendants resulting from the issuance of an Injunction.

9. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

10. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Independent Agreement, and ERISA.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1. That Plaintiffs' motion for entry of Defendants' default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction consistent with the Injunction filed herewith.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendants will not be harmed by the issuance of the required Injunction.

Based upon the above findings of fact and conclusions of law, the Court now enters the following:

**ORDER**

1. That Defendants are in default, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, for delinquent fringe benefit contribution payments, together with interest, liquidated damages, audit fees, attorney fees, and costs.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the Injunction filed on this date, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. Upon completion of the fringe benefit compliance audit of Defendants' books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, attorney fees, audit fees and costs. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Defendants, jointly and severally, in the amount stated in the affidavit.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 8, 2002

DONOVAN W. FRANK
Judge of United States District Court

MAR - 8 2002

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*